# EXHIBIT A

IN THE CIRCUIT COURT OF KANAWHA COUNTY

**JUANA ANDERSON,**

    Plaintiff,                                    Case No. _____

v.

**RACING CORPORATION OF AMERICA, d/b/a**
**MARDI GRAS CASINO AND RESORT,**

    Defendant.

## COMPLAINT

Your Plaintiff, Juana Anderson, seeks compensation and damages arising from the Defendant's unlawful discrimination against her in violation of West Virginia Code § 5-11-1 e*t seq.* of the West Virginia Human Rights Act. Plaintiff alleges the Defendant unlawfully terminated her because of her race, Latino. Plaintiff seeks all relief available under the West Virginia Human Rights Act.

## PARTIES

1. The Plaintiff, Juana Anderson, is a citizen and resident of Nitro, Kanawha County, West Virginia.

2. Defendant Racing Corporation of America is a West Virginia corporation with its principal place of business in Cross Lanes, West Virginia, Kanawha County. Defendant provides gambling entertainment services.

3. At all times alleged, Defendant acted through its agents, employees, supervisors, directors, officers and assigns and within the full scope of agency, office, employment, or assignment.

1

## JURISDICTION AND VENUE

4. This Court has jurisdiction and venue over this civil action under Article VIII, § 6 of the West Virginia Constitution and West Virginia Code § 56-1-1.

## ALLEGATIONS OF FACT

5. On or about October 26, 2013, Defendant hired Ms. Anderson as a housekeeper.

6. Over the next three years, Ms. Anderson performed her housekeeping duties satisfactorily or better, and her work met the Defendant's reasonable expectations.

7. The Defendant next placed Ms. Anderson into a cashier position in which she also excelled for over six years.

8. In 2022, the Defendant assigned Ms. Anderson to a cocktail server (waitress) position.

9. At all times, Ms. Anderson also performed her duties as a cocktail server satisfactorily or better.

10. During the last few years of her employment, Ms. Anderson's boss spoke to her in a condescending manner, and rarely texted her back when she had an employment issue.

11. On February 7, 2025, Ms. Anderson's boss terminated her because she claimed Ms. Anderson had used "offensive language/racial slurs towards guests."

12. Ms. Anderson's boss was not the same person who hired her, and, on information and belief, harbored an unlawful animus against her because of her race, Latino.

13. The suggestion that Ms. Anderson used offensive language against any customers belies Ms. Anderson's established record of success with the Defendant for over 11 years, and constitutes *per se* discrimination against Ms. Anderson based on her race.

14. On information and belief, when terminating similarly-situated persons who are not Latinos, the Defendant has not falsely accused them of engaging in discriminatory or otherwise unlawful conduct.

15. The Defendant's accusation against Ms. Anderson is a sham designed to harm her opportunity to earn wages from gainful employment, and damage her reputation, and Plaintiff seeks all relief available under the law.

16. At all times, Ms. Anderson met the reasonable expectations of the Defendant, and performed her duties satisfactorily or better.

17. At no time did Ms. Anderson receive any criticism or warnings about her performance from the Defendant before her termination or any suggestion that her conduct violated the West Virginia Human Rights Act much less the sensibilities of her customers.

18. Since her termination, Ms. Anderson has attempted to find suitable, gainful employment, but, unfortunately, has yet to find work, and files this Complaint seeking remedy.

**COUNT I: RACE DISCRIMINATION UNDER THE WEST VIRGINIA HUMAN RIGHTS ACT**

19. Plaintiff incorporates the previous paragraphs as if set forth herein

20. Plaintiff is a Latino, as such, is in a protected class under the West Virginia Human Rights Act (W. Va. Code §5-11-9, et seq.).

21. Defendant took adverse action against Plaintiff when it falsely accused her of discrimination and terminated her.

22. Plaintiff's status as a Latino was a motivating factor in Defendant's decision to take the above-referenced adverse actions against her.

23. Any reason alleged by Defendant for its above-referenced, adverse actions against Plaintiff is pretext for the real reason, namely, the intentional discrimination by Defendant against the Plaintiff based on her protected status as a Latino.

24. As a direct and/or proximate result of the intentional discriminatory acts and practices of Defendant, the Plaintiff has suffered and continues to suffer injury including, but not limited to, past and future loss of income and other benefits of employment, pain and suffering, mental anguish, humiliation, loss of enjoyment of life, embarrassment, and damage to her reputation, as well as other past and future pecuniary losses.

25. Defendant knew or reasonably should have known that its actions against Plaintiff were false, wanton, willful, malicious, and intended to solely harm her and were indifferent to Plaintiff's rights under the West Virginia Human Rights Act. Wherefore, Plaintiff requests punitive damages and relief as set forth below.

## COUNT II: DEFAMATION

26. Plaintiff incorporates the previous paragraphs for her count of defamation.

27. Defendant's unnecessary and unwarranted actions in accusing Ms. Anderson of using offensive language/racial slurs to guests qualify as representations to the community and/or other third parties that convey both a false and defamatory suggestion that Plaintiff is a racist or person incapable of interacting with others properly in a business setting.

28. Defendant's actions in accusing Ms. Anderson of racism constitute false statements in violation of the common law and public policies of the State of West Virginia.

29. The actions and representations of Defendant and its agents in conveying that Plaintiff had engaged in using racist or offensive language constitute false and non-privileged

4

communications to third parties and the community where Plaintiff works and lives, and the Defendant knew or reasonably should have known that its allegation would and did spread to third parties quickly and damage Plaintiff's employment prospects.

30. Defendant's above allegations of racism against Plaintiff were negligent and reckless, and published in reckless disregard for their truth or falsity to persons who had no need to receive the alleged information.

31. Before and at the time of Defendant's defamation of Plaintiff's character, Plaintiff possessed a good name and character in her community, and the community did not have any reason to believe she had made any racial slurs or offensive statements to customers as the Defendant recklessly represented and disseminated to non-privileged third parties.

32. As a result of Defendants' unlawful and defamatory communications, Plaintiff has suffered embarrassment, humiliation, and general damages to her reputation, and may very well suffer difficulty in obtaining gainful employment to replace the income lost from her job with Defendant.

33. Defendant's conduct arose from hatred and ill-will toward Plaintiff and a desire to harm the Plaintiff and with the wrongful and illegal intention to damage her character, reputation and credentials with the purpose to prevent her from earning an income to support herself and her family.

34. The actions taken against Plaintiff were carried out in a deliberate, callous and intentional manner in order to intimidate and injure her, and Defendant's conduct supports recovery of punitive damages in an amount sufficient to deter such conduct in the future and make an example of Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment as follows:

Grant Plaintiff actual damages for lost wages, front pay, back pay, fringe benefits and other actual damages according to the evidence and as determined by a jury;

Grant Plaintiff general and compensatory damages for annoyance, inconvenience, embarrassment, humiliation and emotional distress suffered by Plaintiff as a direct and/or proximate result of Defendant's conduct;

Grant Plaintiff punitive damages in an amount to be determined by a jury and sufficient to deter future improper conduct and to punish the Defendant for its reckless and willful actions;

Prejudgment and post-judgment interest on all amounts allowed by law;

All costs incurred in pursuing this action;

Attorney fees; and

Such other relief as this Court deems fair and proper in the interest of justice.

**PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL ISSUES.**

PLAINTIFF, JUANA ANDERSON
By Counsel,

s/Hoyt Glazer
Hoyt Glazer, Esq. (WV Bar No. 6479)
GLAZER SAAD ANDERSON L.C.
Huntington Central Building
320 Ninth Street, Suite B
Huntington, WV 25701
T. 304.522.4149
F. 800.879.7248
hoyt@gsalaw-wv.com

## VERIFICATION

I, Juana Anderson, after being duly sworn, state that the facts and representations contained in my attached **Complaint** are true, except insofar as they are therein stated to be upon information and belief, and that insofar as they are therein stated, they are believed to be true.

_____
Juana Anderson

Taken, sworn to and subscribed before me, the undersigned Notary Public, this 24th day of February 2024.

My commission expires __3/27/2028__

_____
NOTARY PUBLIC

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
Arminta M Spaulding
168 South Edgemont Rd
Huntington WV 25701
My Commission Expires March 27, 2028